141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emilo PRIETO-GOMEZ; Maria De Los Angeles Prieto; Samara
Prieto-Diaz; Cynthia Prieto-Diaz; Fabiola
Prieto-Diaz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70349.
INS Nos. Anl-ruv-mir, Azn-leq-sey, Ajs-wmr-rpo, Atd-ona-wya,
A72-111-228.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1998.
Decided March 26, 1998.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service.
 
 
 2
 Before FERGUSON and THOMAS, Circuit Judges, and Molloy,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the parties are familiar with the factual and procedural history of this case, we will not detail it here. We are obligated to uphold the decision of the Board of Immigration Appeals ("BIA") if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). However, we find no support for the BIA's decision in the record of this case. Prieto gave lengthy, detailed, and consistent testimony as to his long and extensive support of PAN. He explained each of his encounters with the Judicial Police and gave a coherent and logical explanation for their interest in him. When the BIA assumes that an alien is a credible witness and does not rule on credibility, we do not review the Immigration Judge's credibility determination. Barraza Rivera v. INS, 913 F.2d 1443, 1449-50 (9th Cir.1990). The BIA rejected Prieto's account, stating, "[t]he respondent's testimony reasonably reflects that the mistreatment was related to a struggle for the police harassment of the lead respondent over suspicions of criminal activity, and to police displeasure at the lead respondent's reports to police authorities of that harassment." A careful review of the record of this case does not yield any support for this conclusion. There was no evidence in the record of Prieto engaging in drug activity, habits, trafficking, or even having a criminal record. Quite the contrary, in fact, as his vocational and family history suggest he was an upstanding, if not outspoken, citizen. There is no evidence in the record about police displeasure concerning reports of harassment.
 
 
 5
 On the contrary, the record reflects a pattern of threats and beatings attributable to Prieto's political opinion which escalated over time, eventually leading the family to leave behind a comfortable existence in Mexico. The transcripts and administrative record when read as a whole show Prieto's legitimate subjective fear and an objective reasonable possibility that the persecution could continue were he to return. This is sufficient to meet the standard articulated in INS v. Cardoza-Fonseca, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (alien need only show a reasonable fear of persecution and need not show that it is more likely than not).
 
 
 6
 In addition to his asylum claim, Prieto applied for withholding of deportation. An alien must show a clear probability of persecution to qualify for withholding of deportation. INS v. Stevic, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The Attorney General must withhold deportation if she determines that the alien's life or freedom would be threatened in such country on account of one of the enumerated factors. Cardoza-Fonseca, supra; 8 U.S.C. § 1253(h). Because we have credited petitioner's testimony, as we must because the BIA did not challenge credibility, we find the standard required to establish withholding of deportation has been satisfied. Given our conclusion, we need not reach the issue of voluntary departure.
 
 PETITION GRANTED
 
 
 **
 The Honorable Donald W. Molloy, United States District Court for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3